UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA A. BUCHANAN, | ) | CASE NO.: 1:23CV96 |
| Plaintiff, | ) ) ) ) | JUDGE JOHN ADAMS |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | |

This matter comes before the Court on objections filed by Plaintiff Melissa Buchanan to the Report and Recommendation ("R&R") of the Magistrate Judge. On October 10, 2023, the Magistrate Judge issued her R&R in this matter recommending that the Court affirm the cessation of Buchanan's disability benefits. On October 24, 2023, Buchanan objected to the R&R. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence

in the record that would have supported an opposite conclusion." *Id.* Specifically, "[]when the cessation of benefits is at issue . . . the central question is whether the claimant's medical impairments have improved to the point where she is able to perform substantial gainful activity." *Kennedy v. Astrue*, 247 F. App'x 761, 764 (6th Cir. 2007) (citing 42 U.S.C. § 423(f)(1)).

Buchanan's objections appear focused upon the fact that the ALJ and the R&R reviewed certain activities in her personal life rather than focusing on her ability to perform work functions. For example, Buchanan picks out individual facts mentioned in the R&R and suggests that those facts, standing alone, do not support the final determination made by the ALJ and approved by the R&R. For example, Buchanan asserts:

> (A) Ms. Buchanan conducted her own research to determine whether medications were safe to take while she was pregnant. It is offered that the Magistrate Judge failed to explain how this brief, one-time activity, conducted in the privacy of her home, at her own pace, supported the ALJ's determination.

Doc. 15 at 4. However, there is no requirement that the R&R independently evaluate each piece of evidence relied upon by the ALJ. As the R&R properly noted, in examining Buchanan's limitations, the ALJ considered all of Buchanan's medical records along with reviewing evidence of her daily activities in and around her home.

Buchanan's objections do not identify any legal or factual error in the analysis performed in the R&R. For example, Buchanan asserts objections that suggest the ALJ and the R&R were "selective" in the facts they chose to rely upon. By its very nature, this objection concedes that the factual accuracy of both decisions.

Similarly, while Buchanan appears to object to *any* reliance upon her conduct within her home, she ignores the very nature of her case. Because this proceeding involves the cessation of benefits, the ALJ must necessarily examine Buchanan's personal conduct and extrapolate from that conduct whether Buchanan could perform in a workplace. The ALJ performed just such an

analysis and the R&R properly concluded that substantial evidence supported the result reached by the ALJ. Accordingly, Buchanan's objections lack merit.

Buchanan's objections are overruled. The R&R is ADOPTED IN WHOLE, and the decision of the Commissioner is hereby AFFIRMED.


Dated: November 28, 2023              /s/ John R. Adams
                                                       JUDGE JOHN R. ADAMS
                                                       UNITED STATES DISTRICT JUDGE